UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL JONES,

                          Plaintiff,

    vs.
                                                9:09-CV-1058

JOSEPH SMITH, Superintendent,                        (GLS/ATB)
Shawangunk Correctional Facility, *et al.*,

                          Defendants.
_____

MICHAEL JONES,

                          Plaintiff,

    vs.                                             9:10-CV-1331
                                                (GLS/ATB)

BRIAN FISCHER, DAVID ROCK,
*et al.*,

                          Defendants.
_____

MICHAEL JONES, Plaintiff, *pro se*
DAVID L. COCHRAN,
Asst. Attorney General for Defendants in 9:09-CV-1058
KRISTA A. ROCK,
Asst. Attorney General for Defendants in 9:10-CV-1331

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

    These matters have been referred to me for Report and Recommendation by the Honorable Gary L. Sharpe,[1] United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

---

[1] *Jones v. Fischer*, 9:10-CV-1331 was originally assigned to District Judge Mae A. D'Agostino and Magistrate Judge George H. Lowe, but was reassigned to me and District Judge Sharpe on November 29, 2011 by Chief District Judge Norman A. Mordue. (Dkt. No. 35).

Presently before the court is defendants' motion in each of the above cases for an order revoking plaintiff's *in forma pauperis* (IFP) status pursuant to 28 U.S.C. § 1915(g). (Dkt. No. 75 in 9:09-CV-1058; Dkt. No. 25 in 9:10-CV-1331). Plaintiff responded in opposition to the motion in both actions, and defendants filed replies. (Dkt. Nos. 78, 79; 31, 32). In 9:10-CV-1331, plaintiff filed a "Supplemental Response." (Dkt. No. 33). Plaintiff filed a "surreply" in 9:10-CV-1058 that was stricken by the court. (Dkt. Nos. 80, 81).

Because defendants' motions to dismiss both of plaintiff's pending cases were virtually identical, I will address both motions to dismiss in this Report-Recommendation.[2] On December 1, 2011, while the motions were pending, plaintiff submitted the filing fee in *Jones v. Fischer*, No. 9:10-CV-1331. Because plaintiff has paid the filing fee in 9:10-CV-1331, the motion to dismiss that case is moot and must be terminated. However, for the following reasons, this court agrees that plaintiff has at least three-strikes, and this court will recommend revoking plaintiff's IFP status, and dismissing *Jones v. Smith*, 9:09-CV-1058, unless plaintiff pays the filing fee in that case within forty-five (45) days of any order adopting this recommendation.

---

[2] These cases remain separate "actions" because the merits are not related; however, the individual facts of the cases are irrelevant to the common questions presented to the court by the pending motions.

2

**I.     "Three Strikes" Provision of the PLRA**

    **A.     Legal Standards**

The "three strikes" section of the PLRA prohibits the filing of an action *in forma pauperis* when the plaintiff has had federal actions or appeals dismissed on at least three prior occasions, either for failure to state a claim or for frivolousness. 28 U.S.C. § 1915(g). The purpose of section 1915(g) is to "stem the tide of egregiously meritless lawsuits" by "forcing prisoners to go through the same thought process non-inmates go through before filing a suit, *i.e.* is filing this suit worth the costs?" *Tafari v. Hues*, 473 F.3d 440, 443 (2d Cir. 2007) (citations omitted).

    Section 1915(g) provides that:

> [i]n no event shall a prisoner bring **a civil action or appeal a judgment in a civil action or proceeding** [*in forma pauperis*] if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought **an action or appeal** in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(Emphasis added). An action may be dismissed pursuant to section 1915(g), even if the court originally granted plaintiff *in forma pauperis* status. (Dkt. No. 29 at 10). *See, e.g., Gamble v. Maynard*, 9:06-CV-1543 (DNH/DEP), 2008 WL 150364, at *5 (N.D.N.Y. Jan. 14, 2008) (conditionally dismissing complaint under section 1915(g) and finding that *in forma pauperis* status was improvidently granted); *Luevano v.*

*Clinton*, 5:10-CV-754 (GTS/ATB), 2010 WL 3338704, at *3 (N.D.N.Y. July 1, 2010). An action is "frivolous" for purposes of the statute if it "'lacks an arguable basis either in law or in fact.'" *Id*. at 442 (citation omitted). In determining whether a dismissal satisfies the failure to state a claim prong of the statute, courts have drawn upon the provisions of Fed. R. Civ. P. 12(b)(6) for guidance, in light of the similarity in phrasing utilized in the two provisions. *Id*. The three strikes provision applies to cases that were dismissed for failure to state a claim or for frivolousness even prior to the 1996 enactment of section 1915(g). *Welch v. Galie,* 207 F.3d 130, 132 (2d Cir. 2000).

A dismissal cannot count as a strike until after the opportunity to appeal has been exhausted or waived. *See, e.g.*, *Partee v. Connolly*, 08 Civ. 4007, 2009 WL 1788375, at *2 (S.D.N.Y. June 23, 2009) (collecting cases). If a district court dismisses an action on a ground specified in section 1915(g), and an appellate court simply affirms, together the decisions constitute a single strike. *Id*.; *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436-37 (D.C. Cir. 2007). However, when a district court dismisses an action for any of the reasons set forth under the three strikes statute, and if the subsequent appeal is dismissed as frivolous, then the two decisions count as separate strikes. *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) ("sequential dismissals on strike grounds can provide separate strikes under § 1915(g)").

If plaintiff has three strikes, section 1915(g) prevents plaintiff from filing a subsequent action *in forma pauperis* unless the plaintiff is under imminent danger of

4

serious physical injury. 28 U.S.C. § 1915(g). This exception to section 1915(g) has been interpreted to apply only if the plaintiff faces imminent danger of serious physical injury "at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002).

### B. Defendants' Contentions

Defendants argue that plaintiff has seven strikes, listed in defense counsel's declaration. (Cochran Decl. ¶ 5(a)-(g) & Exs. A-B, F, H-I, Dkt. Nos. 75-1, 75-2). The first two strikes relate to one civil rights action, filed in 1993. *Jones v. Coughlin*, No. 93-CV-7341 (S.D.N.Y.) (Briant, J.). On October 25, 1993, District Court Judge Charles L. Briant dismissed[3] plaintiff's action *sua sponte* under former section 1915(d). (Def.s' Ex. A, Dkt. No. 75-2). The court further certified, under "section 1915(a)" that any appeal from that order would not be taken in good faith. (*Id.*). Notwithstanding the District Court's warning, plaintiff appealed Judge Briant's order, and on April 7, 1994, the Second Circuit denied plaintiff's motion to proceed *in forma pauperis* and "dismissed" the appeal. (*Id.* at 2).

Defendants contend that the other five strikes arise from a petition for a writ of habeas corpus that plaintiff filed, on May 30, 2002, in the Southern District of New York, challenging a September 7, 1982 conviction for robbery, for which plaintiff

---

[3] Defendants have submitted copies of the docket sheet in *Jones v. Coughlin*, No. 93-CV-7341. Although defendants have included some of the actual orders, the docket records are sufficient if they indicate that the prior action was dismissed for one of the reasons listed in section 1915(g). *See Harris v. City of New York*, 607 F.3d 18, 23-24 (2d Cir. 2010) (courts do not have an affirmative obligation to examine the actual order of dismissal when the docket sheet accurately describes the grounds for dismissal).

5

received a two to six-year sentence. (Def.s' Ex. C, Pet. for Habeas Corpus in *Jones v. Herbert*, 1:02-CV-4075 (S.D.N.Y.)). On February 2, 2004, after ordering plaintiff to file an amended petition and considering that amendment, District Judge Michael B. Mukasey dismissed the action. (Def.s' Ex. F). In his order, Judge Mukasey stated that he would not issue a certificate of appealability under 28 U.S.C. § 2253 because plaintiff had not shown the denial of a constitutional right, and that no appeal would be taken in good faith under 28 U.S.C. § 1915(a).[4] (*Id.*, Dkt. No. 75-2 at 40-41).

Notwithstanding Judge Mukasey's order, plaintiff appealed to the Second Circuit. On August 19, 2004, the Second Circuit denied plaintiff's motions (including an IFP motion) and dismissed his appeal. (Def.s' Ex. B, Dkt. No. 75-2 at 9).[5] Plaintiff then went back to the District Court and moved to vacate the February 2, 2004 order under Fed. R. Civ. P. 60(b). On March 25, 2005, Judge Mukasey denied the Rule 60(b) motion to vacate, stating specifically that his February 2, 2004 dismissal was based on 28 U.S.C. § 1915(e)(2)(B)(ii) for "failure to state a claim." (Def.s' Ex. G, Dkt. No. 75-2 at 43-45). In his March 25, 2005 order, Judge Mukasey again certified that "pursuant to 28 U.S.C. § 1915(a)(3) . . . any appeal from this order would not be taken in good faith." (*Id.* at 44-45). The judge also stated that he would not accept any

---

[4] Currently, the specific section is 28 U.S.C. § 1915(a)(3), which states that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

[5] Although the docket entries for the district court action provided by defendants do not elaborate on the specifics of the motions denied on appeal, the docket entries for Second Circuit docket no. 04-1725-pr, a copy of which is attached to this Report-Recommendation, confirm that the appellate court denied Jones' motions for IFP status, for appointment of counsel, and for a certificate of appealability.

6

further papers under that docket number. (*Id.* at 44).

Plaintiff did not give up. It appears that plaintiff appealed the denial of his motion to vacate to the Second Circuit, while also moving for reconsideration of the same order in District Court. On August 20, 2007, District Judge Kimba Wood (to whom the case was presumably re-assigned following Judge Mukasey's retirement) denied plaintiff's motion, stating that for the reasons that were stated in the March 25, 2005 order, the motion for "reconsideration" would be denied. (Def.s' Ex. H; August 20, 2007 order). Judge Wood denied a certificate of appealability and certified that any appeal would not be taken in good faith. (*Id.*). On November 30, 2007, the Second Circuit denied plaintiff's IFP motion, and dismissed plaintiff's second appeal, finding that plaintiff had failed to show that "jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion [to vacate]" or that "jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the Rule 60(b) motion, states a valid claim of the denial of a constitutional right." *Jones v. Herbert*, No. 05-2249-pr (2d Cir. Nov. 30, 2007) (issued as mandate Dec. 27, 2007) (Def.s' Ex. I, Dkt. No. 75-2 at 49).

    **C.**    **Application**

        **1.**    **First Two Strikes**

It is clear that the district court's *sua sponte* dismissal of plaintiff's 1993 civil rights case constitutes a strike, notwithstanding that the dismissal was issued prior to

7

the PLRA and was issued pursuant to 28 U.S.C. § 1915(d).  Former section 1915(d)[6] provided for *sua sponte* dismissals of cases in which the "allegation of poverty [was] untrue, or if satisfied that the action is 'frivolous or malicious.'" *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (quoting former section 1915(d)).

The *dismissal* of plaintiff's appeal of his 1993 case, after the district court certified that any appeal would not be taken in good faith, constitutes his second strike.  A frivolous appeal in the same action constitutes a separate strike. *See Chavis v. Chappius*, 618 F.3d at 169.  Although the Second Circuit docket entries did not specify the reasons for dismissal, the Circuit first denied plaintiff's IFP motion, which generally reflects a finding that plaintiff's appeal was frivolous.  *See McGann v. Commissioner, Social Sec. Admin.*, 96 F.3d 28, 30 (2d Cir. 1996) (the Second Circuit's "normal practice," where an appellant seeks IFP status on appeal, is to make an initial determination of whether the appeal surmounts the standard of "frivolousness") (citing *Leonard v. Lacy*, 88 F.3d 181, 184 (2d Cir.1996)).

### 2. Subsequent Strikes

Defendants argue that the procedural history of plaintiff's habeas corpus petition, *Jones v. Herbert*, No. 02-CV-4075 (S.D.N.Y.) provides *five* more strikes. Defendants argue that the first *sua sponte* dismissal of plaintiff's habeas action was for "failure to state a claim," and each of the subsequent appeals/motions to vacate/motions for reconsideration were also decided based upon plaintiff's failure to state a claim, one of the bases listed in section 1915(g).  Whether one or more of the

---

[6] The current section 1915(d) deals with service of process. 28 U.S.C. § 1915(d) (2011).

8

dismissals listed by defendants can be considered strikes by the court requires more extensive analysis.

Although Judge Mukasey's initial order dismissing plaintiff's amended petition stated that he was dismissing the action because "petitioner fails to allege a constitutional violation," he also stated that "any appeal from this order would not be taken in good faith." (Def.s' Ex. F at 5). When a district judge certifies that an appeal would not be taken in good faith, courts have held that this constitutes a finding of frivolousness. *Martin v. Wallis*, No. 1:07-CV-175, 2008 WL 3471864, at *4 (D. Vt., Aug. 12, 2008) (citing *inter alia Chavis v. Curlee*, 9:06-CV-0049 (LEK/GHL), 2008 WL 508694, at *2 (N.D.N.Y. Feb. 21, 2008)). For that reason and because Judge Mukasey later clarified that the original petition was dismissed "for failure to state a claim,"[7] the dismissal of the habeas petition would, in the normal course, count as a strike. Because the district court judge notified Jones that any appeal of the denial of his habeas petition would not be taken in good faith, the Second Circuit's dismissal of plaintiff's first appeal, following the denial of a motion for IFP status, would also normally count as another strike.

The court rejects the defendants' argument that plaintiff's motion to vacate or his motion for reconsideration in his prior habeas action could constitute separate "actions" or strikes. However, plaintiff's appeal of the denial of the Rule 60(b) motion to vacate, which the Second Circuit dismissed, was a separate appeal and

---

[7] As noted above, when Judge Mukasey later denied Jones' Rule 60(b) motion to vacate, he explicitly stated that the original February 2, 2004 dismissal of Jones' habeas petition was based on 28 U.S.C. § 1915(e)(2)(B)(ii) for "failure to state a claim." (Def.s' Ex. G, Dkt. No. 75-2 at 43-45).

would normally count as an additional strike.  The Second Circuit denied plaintiff's motion for IFP status and denied him a certificate of appealability, finding that plaintiff failed to show that "jurists of reason would find it debatable" either that the district judge abused his discretion in denying the Rule 60(b) motion or that the underlying habeas petition stated a valid constitutional claim.  (Dkt. No. 75-2 at 49-50).  In this court's view, that constitutes a dismissal on grounds within the ambit of Section 1915(g).  *See, e.g., Kalwasinski v. McCraken*, 09-CV-6295, 2009 WL 4042973, at *5 (W.D.N.Y. 2009) (the Circuit Court's denial of a certificate of appealability amounted to a determination that plaintiff failed to state a claim upon which relief may be granted under 28 U.S.C. § 1915(g) and constitutes a strike).  *See also Bourque v. Woods*, 296 F.App'x 395, 396 (5th Cir. 2008) (denying certificate of appealability for habeas petition based on a finding that "reasonable jurists" would not find it "debatable" that the petition stated a valid claim of a denial of a constitutional right while simultaneously finding that the appeal of denial of civil rights claims in the petition was "frivolous").[8]

       This court concludes that the dismissal of plaintiff's habeas petition and the two related appeals would normally constitute three separate strikes.  However, some courts have questioned whether the dismissal of a prior petition for habeas corpus, or

---

[8] As with the other dismissed appeals discussed above, the Second Circuit's denial of plaintiff's motion for IFP status would further indicate the appellate court's finding that the appeal was frivolous, which would make the dismissal a separate "strike."

any appeal thereof, may count as a strike,[9] based on an extension of the Second Circuit's holding in *Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir. 1996) (concluding that the PLRA does not apply to petitions for a writ of habeas corpus), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

In *Reyes*, the Second Circuit addressed the issue of whether the filing fee payment requirements of the PLRA should be applied to habeas corpus petitions. *Id.* at 677, 678. The court answered that question in the negative, finding that a petition for habeas corpus is not a "civil action" under the PLRA. *Id.* at 678. The court reasoned that the PLRA was aimed primarily at suits, challenging prison conditions, "many of which are routinely dismissed as frivolous." *Id.*[10] The court also noted that there was no indication that the PLRA's elaborate filing fee payment requirements were intended to apply to habeas corpus petitions, particularly because Congress endeavored to make habeas corpus petitions easier to file by setting the filing fee at $5, compared to the much higher fee for filing a "civil action."[11] Finally, the Second Circuit found that, although Congress imposed several new restrictions on habeas corpus petitions in separate legislation–the Anti-Terrorism and Effective Death

---

[9] The same courts have held, however, that civil rights actions, masquerading as habeas corpus petitions that are dismissed as frivolous do count as strikes for purposes of the statute. *See e.g. Andrews v. King*, 398 F.3d 1113, 1123 n.12 (9th Cir. 2005); *Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 779 n.2 (10th Cir. 1999).

[10] The panel in *Reyes* also stated, however: "We do not suggest that the only civil actions to which the PLRA applies are prisoners' suits seeking relief from prison officials because of prison conditions. The PLRA covers the general run of civil actions, regardless of the claim and regardless of the identity of the defendants." *Id.* n. 1.

[11] The fee for filing a civil action is currently $350.00.

Penalty Act (AEDPA)–it made no change with respect to filings fees for habeas petitions in AEDPA. *Id.*

The Second Circuit in *Reyes* found that the PLRA's filing fee provisions should not apply to bar a petitioner from bringing a habeas corpus petition, which it deemed not to be a "civil action" in that context.  However, *Reyes* did *not* address the issue of whether a prior habeas petition that was dismissed for one of the reasons listed in section 1915(g) could be considered a "strike" under the PLRA, which could preclude the filing of a civil action–not a habeas petition–*in forma pauperis*.  This court disagrees with the courts that have extended the reasoning of *Reyes* to support the proposition that, because habeas corpus petitions may not be barred by the PLRA, dismissed petitions or related appeals cannot count as strikes potentially barring IFP filings of other civil actions under section 1915(g). *See e.g. Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005) (dismissed habeas petitions do not count as strikes); *Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 779 (10th Cir. 1999) (holding that there was "no rational reason to treat [the three strikes provision] differently from the rest of 28 U.S.C. § 1915," and thus, the district court erred in counting the dismissal of plaintiff's prior petition for habeas corpus as a strike).[12]

This court concludes that habeas petitions that are dismissed either as frivolous

---

[12] *See also Zaire v. Welch*, 9:03-CV-629 (FJS/RFT), 2008 WL 934426, at *3 (N.D.N.Y. March 31, 2008) ("Considering the Second Circuit's analytical distinction of the filing of habeas petitions from the filing of civil actions, which are expressly regulated by the PLRA, it would be incongruous to hold that habeas petitions apply to the PLRA for purposes of the 'three-strike rule' only.").

or for failure to state a claim, or, at least, appeals from dismissals of such petitions that are themselves dismissed on section 1915(g) grounds, may appropriately be treated as "strikes" potentially barring IFP filings of civil (non-habeas) actions under the PLRA. The "three strikes" statute specifically states that the plaintiff shall not bring a "civil action" or appeal a "civil action or proceeding" without paying the fee, if on three or more prior occasions, while incarcerated or detained in any facility, he has brought "an action or appeal" in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Based on the holding in *Reyes*, it is clear that courts do not consider petitions for habeas corpus, "civil actions" under the PLRA, and that therefore, plaintiff could not be prevented from "filing" a petition for habeas corpus, based on section 1915(g).[13] However, the subsection of 1915(g) referring to the "strikes" only states that the plaintiff must have on three or more occasions brought "an action or appeal" that was dismissed for the listed reasons. The restrictive adjective, "civil," was removed when referring to the actions that may be considered "strikes"; thus, significantly broader language was used to define strikes.

In interpreting a statute, the court must first look to the language itself. *Torres v. Walker*, 356 F.3d 238, 242 (2d Cir. 2004) (interpreting another section of the PLRA); *Greenery Rehabilitation Group, Inc. v. Hammon*, 150 F.3d 226, 231 (2d Cir. 1998). Unless otherwise defined, "'individual statutory words are assumed to carry their

---

[13] This is consistent with the finding that abusive or successive habeas petitions were directly addressed in the AEDPA under 28 U.S.C. § 2244(b), providing procedures for second or successive petitions.

13

ordinary, contemporary, common meaning.'" *Greenery Rehab. Grp., Inc.*, 150 F.3d at 231 (quoting *Burgo v. General Dynamics Corp.*, 122 F.3d 140, 143 (2d Cir. 1997). Other forms of interpretation may be used only when there is doubt or ambiguity in the statute. *Id.* (quoting *Aslandidis v. United States Lines, Inc.*, 7 F.3d 1067, 1073 (2d Cir. 1993)).

It is rational to interpret the variation in the language of section 1915(g) as intentional, indicating that while the PLRA does not apply to *filing* habeas petitions, because they are not "civil actions," any "action" that has been dismissed as frivolous or for failure to state a claim may be considered a strike, including a petition for habeas corpus. This is consistent with the purpose of the PLRA, which is to prevent the filing of IFP "civil actions" when the plaintiff has had three or more other actions dismissed as frivolous or for failure to state a claim. Whether the previous action was a habeas petition or any other action, the type of dismissal is the key to whether the dismissal counts as a strike.[14] The courts that have held that the dismissal of a habeas petition cannot constitute a strike under section 1915(g) did not even discuss the critical differences in the language the statute uses in describing the proceedings that would be barred by the statute–"civil action or appeal"–and the proceedings that may count as strikes–any "action or appeal." *See Andrews v. King*, 398 F.3d at 1122-23;

---

[14] *See also Neal v. Eddy*, No. 07-CV-1333 (FJS/DRH), 2008 WL 4527651, at *2 (N.D.N.Y. Sept. 2, 2008) (dismissal of habeas corpus petition for failure to state a claim constituted a strike) (Report-Rec.), *approved*, 2008 WL 4527651, at *4 (N.D.N.Y Oct. 1, 2008); *Saunders v. Ricks*, (DNH/GHL), No. 9:03-CV-598, 2006 WL 3051792, at *3 n.16 (N.D.N.Y. Aug. 14, 2006) (noting in dicta that plaintiff had two "strikes," one of which was the denial of a habeas corpus petition for failure to state a claim), *approved*, 2006 WL 3051792, at *1 (N.D.N.Y. Oct. 18, 2006).

*Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d at 779; *Zaire v. Welch*, 2008 WL 934426, at *3.

Even if the court were to go beyond the clear language of section 1915(g) and consider the legislative intent behind the PLRA and AEDPA, it would not alter the conclusion that dismissals relating to a habeas petition on section 1915(g) grounds should count as strikes barring IFP filing of non-habeas civil actions. A significant factor in the reasoning of the courts that have held that the PLRA filing fee requirements should not be applied to bar the filing of a habeas action was the concern about "frustrating a storied tradition of reasonable access to habeas review." *Martin v. Bissonette*, 118 F.3d 871, 874 (1st Cir. 1997). However, this court concludes that any concern that petitioners would be chilled in filing a habeas action or related appeal because a dismissal on section 1915(g) grounds could count as a strike that, in conjunction with two other strikes, could bar the future filing of a non-habeas civil action or appeal, is too attenuated to overcome the clear language of section 1915(g).

In any event, the court need not count all the strikes in *Jones v. Herbert* for plaintiff to have acquired three strikes barring IFP in *Jones v. Smith,* 9:09-CV-1058.[15] Even if this court did not count the dismissal of the *Jones v. Herbert* petition itself as a strike, plaintiff insisted on appealing the dismissal when the district court specifically stated that any appeal would not be taken in good faith, and the Second Circuit denied

---

[15] As noted above, plaintiff became so abusive that Judge Mukasey stated that the court would not accept any further papers from plaintiff. (Def.s' Ex. G at 44).

15

IFP status and dismissed the appeals.[16]  Plaintiff's second appeal, of Judge Mukasey's denial of the motion to vacate under Fed. R. Civ. P. 60(b), was dismissed by the Second Circuit under essentially the same circumstances.  Any appeal not taken in good faith is one "deemed objectively frivolous." *Paramore v. Filion*, 293 F. Supp. 2d 285, 295 (S.D.N.Y. 2003) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).

Thus, even if this court did not count the dismissal of plaintiff's original petition for habeas corpus, plaintiff has had at least two strikes relating to the frivolous *appeals* in the *Jones v. Herbert* habeas action, in addition to the two strikes related to plaintiff's 1993 civil action and the related 1994 appeal.  *See, e.g., Kalwasinski v. McCraken*, 2009 WL 4042973, at *5 (counting as a strike the denial of a certificate of appealability and dismissal of an appeal relating to a habeas petition).  The court therefore finds that plaintiff has acquired at least three strikes for purposes of section 1915(g), and will recommend that plaintiff's IFP status be revoked, and that *Jones v. Smith*, 9:09-CV-1058 (plaintiff's remaining IFP action) be dismissed if plaintiff does not pay the $350 filing fee within forty-five (45) days.[17]

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that defendants' motion to dismiss in 10-CV-1331 (Dkt. No. 25) is **TERMINATED AS MOOT** because plaintiff paid the filing fee on December 1,

---

[16] Even if a habeas petition was deemed not to be an "action" under the PLRA, which goes beyond the holding of *Reyes*, that would not mean that an appeal of the dismissal of a habeas petition would not count as an "appeal" in section 1915(g) description of a strike.

[17] There is no issue of "imminent danger" in this case.

2011, and it is

    **RECOMMENDED**, that defendants motion to dismiss in 09-CV-1058 (Dkt. No. 75) be **GRANTED**, and it is

    **RECOMMENDED**, that plaintiff's IFP status be **REVOKED**, and that *Jones v. Smith*, 9:09-CV-1058 be **DISMISSED**, unless plaintiff pays the $ 350.00 filing fee within **FORTY-FIVE (45) DAYS** of the date of any order approving this Recommendation.

    Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: December 6, 2011

                                                                    *[signature]*
                                                                    **Hon. Andrew T. Baxter**
                                                                       **U.S. Magistrate Judge**