**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL JONES,**

                      **Plaintiff,**                  **9:09-cv-1058**
                                                                         **(GLS/ATB)**

                            **v.**

**JOSEPH SMITH et al.,**

                        **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Michael Jones
Pro Se
90-A-5292
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

**FOR THE DEFENDANTS**
HON. ERIC T. SCHNEIDERMAN      DAVID L. COCHRAN
New York State Attorney General       Assistant Attorney General
Albany Office
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Michael Jones brings this action under 42 U.S.C. §

1983, alleging his constitutional rights were violated by defendants. (*See* Compl., Dkt. No. 1.) In a Report-Recommendation and Order (R&R) filed December 6, 2011, Magistrate Judge Andrew T. Baxter recommended that defendants' motion to revoke Jones's IFP status be granted pursuant to 28 U.S.C. § 1915(g).[1] (*See generally* R&R, Dkt. No. 83.) Pending are Jones's objections to the R&R. (*See* Dkt. No. 84.) For the reasons that follow, the R&R is adopted in its entirety.

## II. Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. See *Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.*

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

### III. Discussion

Jones objects to Judge Baxter's conclusion that he had, at a minimum, three strikes prior to commencing this action. (*See* Dkt. No. 84 at 1-4.) Specifically, Jones first claims the PACER docket sheet submitted by defendants, and considered by Judge Baxter, was "inadequate to substantiate that [his] 1993 action . . . was dismissed pursuant to 28 U.S.C. § 1915(g)." (*See id.* at 1.) And second, that Judge Baxter's computation of his third through seventh strikes—which was based in part on Judge Baxter's conclusion that "habeas petitions that are dismissed either as frivolous or for failure to state a claim . . . may appropriately be treated as 'strikes,'" (R&R at 12-13)—was incorrect under Second Circuit precedent. (*See* Dkt. No. 84 at 3.) The court disagrees with both assertions.

Jones's first objection is meritless. It is well-settled that courts are permitted to consider a docket sheet, where, as here, it articulates the basis for dismissal. (*See* Dkt. No. 75, Attach. 2 at 3); *see Harris v. City of N.Y.*, 607 F.3d 18, 23-24 (2d Cir. 2010). Furthermore, a dismissal under former section 28 U.S.C. § 1915(d)—the stated basis for the dismissal on the 1993 docket sheet—was clearly a dismissal for "frivolousness." (*See* Dkt. No. 75, Attach. 2 at 3); *see also* 28 U.S.C.A. § 1915(d) (West 1995)

3

(stating the court "may dismiss the case if . . . the action is frivolous or malicious.") Thus, Jones's claim that his 1993 action should not be considered as a strike is rejected.

Moreover, Jones's argument regarding applicability of habeas petitions to the three strikes provision is irrelevant as Judge Baxter's decision did not rest on that ground alone.  (*See* Dkt. No. 84 at 3-4.)  Judge Baxter explicitly stated that "[e]ven if the court did not count the dismissal of the [habeas] petition itself as a strike," Jones's subsequent appeals would count as two additional strikes.  (*See* R&R at 15-16.)  It follows that Jones's "objection" to an alternative basis for dismissal is insufficient to require a *de novo* review.

Having addressed Jones's specific objection *de novo*, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Baxter's R&R in its entirety.

### IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's December 6, 2011 Report-Recommendation and Order (Dkt. No. 83) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 75) is **GRANTED**; and it is further

**ORDERED** that Jones's IFP status is **REVOKED**, and this case is **DISMISSED** unless Jones pays the $350.00 filing fee within forty-five (45) days of the date of this Order; and it is further

**ORDERED** that if Jones fails to pay the $350.00 filing fee within forty-five (45) days of the date of this Order, the Clerk shall enter judgment for defendants and close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

January 23, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court