UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**MICHAEL JONES,**

                  **Plaintiff,**

                  v.

**JOSEPH SMITH et al.,**

                  **Defendants.**

9:09-cv-1058
(GLS/ATB)

_____

**APPEARANCES:**    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Michael Jones
Pro Se
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN    CATHY Y. SHEEHAN
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Michael Jones alleges violations of the First, Eighth,

and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983 against numerous employees of New York State Department of Corrections and Community Supervision (DOCCS) at Shawangunk Correctional Facility and Eastern Correctional Facility in their official and individual capacities. (Compl., Dkt. No. 1.) Jones also alleges a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA).[1] (*Id.* at 5.) Pending before the court are Jones' objections to the R&R and an appeal from the denial of his motion to amend.[2] (Dkt. No. 135.) For the reasons that follow, the R&R is adopted in its entirety and the denial of Jones' motion to amend his complaint is affirmed.

## II. Background

While incarcerated at Schawagunk, Jones converted to Judaism. (Dkt. No. 131, Attach. 3 at 87.) Since Jones' conversion, he allegedly received cold kosher meals three times per day, seven days per week. (*Id.*, Attach. 2 at 29; Compl. ¶ 7-m.) Jones alleged he had high blood

---

[1] *See* 42 U.S.C. §§ 2000cc-2000cc-5.

[2] Although Jones does not identify his arguments directed to the denial of his motion as an appeal of a non-dispositive order, (Dkt. No. 134 at 2-3), or fully comply with the Local Rules, *see* N.D.N.Y. L.R. 72.1(b), because Jones proceeds *pro se* the court liberally construes these arguments as an appeal subject to review under Rule 72(a) of the Federal Rules of Civil Procedure.

pressure, (Compl. ¶ 7-e), and, in 2009, requested low sodium kosher meals, (Dkt. No. 131, Attach. 2 at 28.). Jones also requested two hot meals per day. (*Id.*) Jones' requests were denied. (*Id.* at 29-30.) As a result, Jones allegedly changed his diet to non-kosher, low sodium meals. (Compl. ¶ 7-l.)

On May 13, 2009, Jones was transferred to Eastern and escorted into his assigned double cell. (Defs.' Statement of Material Facts (SMF) ¶ 3, Dkt. No. 124, Attach. 2.) Jones allegedly informed the escorting officer that his assignment to a double cell and top bunk would exacerbate injury to his back and knees. (Compl. ¶ 8-j.) In response, escorting officers allegedly issued a disciplinary ticket and escorted Jones to the special housing unit (SHU). (*Id.* ¶ 8-k.)

Jones' allegations arise from conduct during his incarceration at Shawangunk and Eastern between 2006 and 2009. (Compl. at 6-22.) After the close of discovery, defendants moved for partial summary judgment. (Dkt. Nos. 124, 125.) Jones opposed and cross-moved to amend his complaint to join three parties. (Dkt. No. 131.)

In an Order and Report-Recommendation (R&R) filed May 20, 2015, Magistrate Judge Andrew T. Baxter recommended to grant defendants'

partial motion for summary judgment and to dismiss Jones' First Amendment and RLUIPA causes of action *sua sponte*. (Dkt. No. 134 at 2.) Judge Baxter also denied Jones' motion to amend his complaint. (*Id.* at 49-50.)

### III. Standard of Review

#### A. Objections to the R&R

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904 CV 484, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.*

#### B. Appeal of a Magistrate Order

When reviewing an appeal from a pretrial non-dispositive motion decided by a magistrate judge, the court will affirm the order unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ.

4

P. 72(a). Courts have generally held that motions to amend a complaint are non-dispositive. *See Rubin v. Valicenti Advisory Servs., Inc.*, 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007). Under a clearly erroneous standard, a district court can reverse a magistrate judge's order only if the court "'is left with the definite and firm conviction that a mistake has been committed.'" *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Under a contrary to law standard, a district court can reverse a magistrate judge's order only if the order fails to apply the relevant law. *See Olais-Castro v. United States*, 416 F.2d 1155, 1158 n.8 (9th Cir. 1969) ("The term 'contrary to law' means contrary to any existing law." (citing *Callahan v. United States*, 285 U.S. 515, 517 (1932)). "[M]agistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 90 (S.D.N.Y. 2002).

### IV. Discussion

**A. Objections to the R&R**

Jones objects to Judge Baxter's failure to address his claim that the denial of his request for hot, low sodium kosher meals violates the Eighth

Amendment. (Dkt. No. 135 at 3.) Judge Baxter generically addressed Jones' claim in a footnote and concluded that Jones did not allege any of the necessary elements to state a violation of the Eighth Amendment. (Dkt. No. 134 at 39 n.15.) Construing Jones' argument liberally, the court treats his objection as invoking *de novo* review. Ultimately, while the court recognizes that the procedural posture is summary judgment, it agrees with Judge Baxter that the complaint is devoid of factual allegations to support an Eighth Amendment violation.

To establish an Eighth Amendment claim involving prison conditions, a plaintiff must demonstrate that: (1) the alleged deprivation is sufficiently serious and (2) prison officials acted with deliberate indifference to the inmate's health and safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires prisons to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it," and "under certain circumstances a substantial deprivation of food may well be recognized as being of constitutional dimension." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (internal quotation marks and citations omitted). Here, however, Jones fails to

6

sufficiently allege he was deprived of any meals or that his food was contaminated. *See Curtis v. Fischer*, No. 9:12-CV-1140, 2014 WL 5769410, at *7 (N.D.N.Y. Aug. 11, 2014) (prisoner failed to state a claim under the Eighth Amendment when denied kosher low sodium, high fiber diet but offered a non-kosher medically prescribed alternative), *report and recommendation rejected on other grounds* 2014 WL 5769656 (N.D.N.Y. Nov. 5, 2014); *Phelan v. Hersh*, No. 9:10-CV-0011, 2011 WL 6031940, at *12 (N.D.N.Y. Sept. 13, 2011) ("There is no constitutional right to have a hot meal every day, but only that inmates be provided nutritionally adequate food prepared under safe conditions." (citation omitted)), *report and recommendation adopted*, 2011 WL 6031071 (N.D.N.Y. Dec. 5, 2011); *cf. Robles*, 725 F.2d at 16 (holding that inmates' allegations that corrections officers contaminated inmate meals with glass, human waste, and rocks were sufficient to state an Eighth Amendment claim). Accordingly, the court agrees with Judge Baxter that Jones' claim must fail.

Jones' remaining objections are general, triggering clear error review. Upon reviewing the R&R for clear error and finding none, the court adopts it in its entirety.

sufficiently allege he was deprived of any meals or that his food was contaminated. *See Curtis v. Fischer*, No. 9:12-CV-1140, 2014 WL 5769410, at *7 (N.D.N.Y. Aug. 11, 2014) (prisoner failed to state a claim under the Eighth Amendment when denied kosher low sodium, high fiber diet but offered a non-kosher medically prescribed alternative), *report and recommendation rejected on other grounds* 2014 WL 5769656 (N.D.N.Y. Nov. 5, 2014); *Phelan v. Hersh*, No. 9:10-CV-0011, 2011 WL 6031940, at *12 (N.D.N.Y. Sept. 13, 2011) ("There is no constitutional right to have a hot meal every day, but only that inmates be provided nutritionally adequate food prepared under safe conditions." (citation omitted)), *report and recommendation adopted*, 2011 WL 6031071 (N.D.N.Y. Dec. 5, 2011); *cf. Robles*, 725 F.2d at 16 (holding that inmates' allegations that corrections officers contaminated inmate meals with glass, human waste, and rocks were sufficient to state an Eighth Amendment claim). Accordingly, the court agrees with Judge Baxter that Jones' claim must fail.

Jones' remaining objections are general, triggering clear error review. Upon reviewing the R&R for clear error and finding none, the court adopts it in its entirety.

**B. Appeal**

As noted above, the court construes Jones' arguments directed to the denial of his motion to amend his complaint as an appeal of a non-dispositive order. *See* Fed. R. Civ. P. 72(a). Jones contends that he should be permitted to amend his complaint to add additional parties because defendants: (1) did not contest that a proposed party violated his constitutional rights and (2) did not oppose joinder. (Dkt. No. 135 at 3.) Jones proposed to join Robert Schattinger and Elizabeth Culkin, who allegedly created DOCCS' dietary menu, and "Sgt. Todd" to replace defendant "Jane Doe," who allegedly ordered Jones to SHU in May 2009 and took his knee braces. (Dkt. No. 131, Attach. 1 at 16-17.)

Judge Baxter held the proposed amendment would be futile because it would not survive summary judgment. (Dkt. No. 134 at 49.) Judge Baxter reasoned that Jones did not allege the personal involvement of Schattinger and Culkin and, assuming personal involvement, Jones' First Amendment claim against them arising from the denial of hot, low sodium kosher meals would fail. (*Id.*) Additionally, Judge Baxter held that the addition of Sgt. Todd would be futile because Jones had no cognizable Eighth Amendment claim against him. (*Id.*)

8

Because a scheduling order had been entered, the standard to evaluate leave to amend the pleadings is Rule 16(b) of the Federal Rules of Civil Procedure rather than Rule 15(a). *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) ("Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.") (internal quotation marks and citations omitted)); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000). Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed R. Civ P. 16(b)(4). "To satisfy the good cause standard the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (internal quotation marks and citations omitted).

Here, Jones fails to demonstrate good cause. He did not seek leave to amend his complaint until his opposition to defendants' summary judgment motion, (Dkt. No. 131, Attach. 1 at 16-17), long after the deadline

9

to file dispositive motions, (Dkt. No. 121).[3]  Jones never sought permission to extend the time to amend his pleadings.  Although Jones learned of Sgt. Todd's identity during discovery, (Dkt. No. 131, Attach. 3 at 15), he failed to seek leave to amend at that point.  With respect to the other proposed parties, Jones fails to demonstrate that he diligently identified them.  Although Judge Baxter should have employed the Rule 16 standard, this error is harmless because the court would have denied leave to amend under either Rule 16 or Rule 15.  *See Bailey v. Christian Broad. Network*, 483 F. App'x 808, 810 (4th Cir. 2012) (holding that the magistrate's legal error was harmless because the proper standard would have rendered the same result).  Accordingly, the denial of Jones' motion to amend his complaint is affirmed.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's May 20, 2015 Order and Report-Recommendation (Dkt. No. 134) is **ADOPTED** in its entirety; and it is further

---

[3] The scheduling order did not have a deadline to amend the pleadings but it was necessarily before the deadline to file dispositive motions.  (Dkt. No. 39, 121.)

**ORDERED** that defendants' motion for partial summary judgment (Dkt. No. 124.) is **GRANTED** on the grounds raised therein and Jones' following claims are dismissed:

1. All claims for injunctive relief dismissed as moot;

2. All claims against defendants in their official capacities dismissed with prejudice;

3. All claims against defendant Fischer dismissed due to lack of personal involvement;

4. Eighth Amendment claims against defendants Smith, Griffin, Khramova, Schoonmaker, Gusman, and Brown;

5. Retaliation claim against defendant Maly, but only to the extent that it was predicated on an allegation of verbal harassment, dismissed with prejudice;

6. Due process and right to privacy claims against defendant Pingotti; and it is further

**ORDERED** that all RLUIPA and First Amendment Religion claims against defendants Rapp and Horowitz are **DISMISSED** *sua sponte*, with prejudice; and it is further

**ORDERED** that Judge Baxter's denial of Jones' motion to amend is

**AFFIRMED**.

**IT IS SO ORDERED.**

September 30, 2015
Albany, New York

Gary L. Sharpe
U.S. District Judge